```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID A. GAMBINO,

        Plaintiff,

  v.

AHSA CASSANO, et al.,

        Defendants.

1:17-cv-00830-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**<u>APPEARANCES</u>:**

DAVID A. GAMBINO
19757055
GILMER FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 6000
GLENVILLE, WV 26351

   *Appearing pro se*

SUSAN R. MILLENKY
U.S. ATTORNEYS OFFICE FOR THE DISTRICT OF NJ
970 BROAD ST.
SUITE 700
NEWARK, NJ 07102-2535

JOHN M. HOCKIN, JR.
RONAN TUZZIO & GIANNONE
4000 ROUTE 66
SUITE 231
ONE HOVCHILD PLAZA
TINTON FALLS, NJ 07753

   *On behalf of Defendants*

**<u>HILLMAN</u>, District Judge**

   It appearing that:

   1.   In 2017, Plaintiff filed a *pro se* complaint and an amended complaint, which consists of 45 defendants, is 95 pages

long, and asserts claims pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Federal Tort Claims Act, and the Americans with Disabilities Act.  (See Docket No. 1 and 14.)  At that time, Plaintiff was an inmate at FCI Fort Dix in New Jersey.

    2.   After the filing of the amended complaint, Defendants moved to dismiss Plaintiff's amended complaint.

    3.   While the motions were pending, the Court appointed counsel to represent Plaintiff.  The scope of the appointment of counsel was limited, as follows:  [T]he appointment shall be limited to the conduct of this case only, and shall end upon: (1) final resolution of the Defendants' motion to dismiss [D.I. 69], excluding any appeals, (2) Plaintiff's termination of the appointment, or (3) further order of the Court.  (Docket No. 102.)

    4.   In opposition to the motions to dismiss, counsel for Plaintiff filed a letter response, requesting leave to file a second amended complaint to streamline the allegations, claims, and defendants.  (Docket No. 124.)

    5.   On October 11, 2019, the Court granted Plaintiff's request, finding that Defendants had not opposed Plaintiff's request, and that it was in the interests of justice to permit amendment at that time in order to streamline the issues and claims in this litigation.  (Docket No. 131.)  The Court

provided leave to Plaintiff to file one, all-inclusive, amended complaint.

6. On October 15, 2019, the appointed pro bono counsel filed a letter, stating:

> As you know this office has been appointed as pro bono counsel on behalf of Plaintiff, David Gambino, for the sole purpose of opposing Defendants' motion to dismiss Plaintiff's Complaint. I am in receipt of the Court's recent Order, denying Defendants' motion to dismiss, without prejudice, and requesting that an Amended Complaint be filed within thirty (30) days. Given the Court's recent Order and Mr. Gambino's recent transfer to FCI Gilmer, which is located in Glenville, West Virginia, which is approximately four hundred and fifteen (415) miles from the Federal Courthouse in Camden, New Jersey, it is respectfully requested that my pro bono obligations be terminated moving forward in this matter.

(Docket No. 132.)

7. In response, on October 28, 2019, Plaintiff filed a letter requesting, among other things, that his case move forward without appointed pro bono counsel, and that he be provided with 60 days to file a second amended complaint. (Docket No. 133.)

8. On November 21, 2019, on his own behalf, Plaintiff filed a second amended complaint. (Docket No. 135.)

9. On November 27, 2019, the U.S. Government Defendants filed a letter (Docket No. 136), noting that Plaintiff's second amended complaint is identical to the first four claims included in the nine-count complaint filed in 2017. The Government requested the Court to reopen the Government's prior moving

3

brief (Docket No. 120) so that the Government could renew that motion to dismiss as to Counts One through Four of the pleading. The Government stated that it made this request because a newly filed motion would be identical to the one previously filed, save for deletion of the parts that solely address claims Five through Nine, and if Plaintiff had intended to refile his prior amended complaint in full, the Government's motion would be wholly identical to its prior one.

10. After Plaintiff filed his second amended complaint, he mailed to the Clerk's Office several letters. The Clerk's Office has not docketed Plaintiff's submissions pending the Court's review due to the current status of Plaintiff's appointed counsel.

THEREFORE,

In consideration of appointed counsel's letter, the Government's letter, and Plaintiff's recent submissions,

IT IS on this ___11th___ day of ___December___, 2019,

ORDERED that the appointed pro bono counsel be, and the same hereby is, relieved of his appointment;[1] and it is further

---

[1] Pursuant to 28 U.S.C. § 1915(d), a district court has broad discretion to request an attorney to represent an indigent civil litigant. Such litigants have no statutory right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). It appears from the Plaintiff's recent letters to the Court which will be filed on the docket pursuant to this Order, that he does not oppose this request.

ORDERED that the Clerk of the Court shall file on the docket all of the recent submissions Plaintiff has mailed to the Clerk's Office as a supplement to his second amended complaint, except for Plaintiff's request to stay this matter pending his release in October 2020, which the Clerk shall file as a separate motion to stay; and it is further

ORDERED that in light of Plaintiff's claim that he did not retain copies of his filings the Clerk of the Court shall mail to Plaintiff a copy of the entire docket sheet, as well as filed-stamped copies of all docket entries beginning with his second amended complaint (Docket No. 135) and including the newly docketed submissions and this Order; and it is further

ORDERED that Defendants shall have 30 days from the filing of this Order to renew their motions to dismiss or otherwise respond to Plaintiff's second amended complaint.

At Camden, New Jersey

      s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.