```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID A. GAMBINO, | 1:17-cv-0830 (NLH) (AMD) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| AHSA CASSANO, et al., | |
| Defendants. | |

**APPEARANCES**:

David A. Gambino
19757055
VOARRC
175 Ward St
Rochester, NY 14605

    Plaintiff pro se

Craig Carpenito, United States Attorney
Susan R. Millenky, Assistant United States Attorney
U.S. Attorney's Office for the District of New Jersey
970 Broad St.
Suite 700
Newark, NJ 07102-2535

    Attorneys for Defendants

**HILLMAN, District Judge**

    WHEREAS, Plaintiff filed a pro se complaint and an amended complaint in 2017 which consisted of 45 defendants, was 95 pages long, and asserted claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971), the Federal Tort Claims Act, and the

Americans with Disabilities Act. ECF Nos. Docket No. 1 and 14. At that time, Plaintiff was an inmate at FCI Fort Dix in New Jersey;[1] and

WHEREAS, after the filing of the amended complaint, Defendants moved to dismiss Plaintiff's amended complaint, see ECF No. 120; and

WHEREAS, in opposition to the Motion, appointed counsel for Plaintiff filed a letter response requesting leave to file a second amended complaint to streamline the allegations, claims, and defendants, see ECF No. 124; and

WHEREAS, the Court granted the request to file a second amended complaint on October 11, 2019, see ECF No. 131; and

WHEREAS, the Court relieved appointed counsel of his appointment on December 11, 2019 due to Plaintiff's request that he be permitted to proceed pro se, see ECF Nos. 133 & 137; and

WHEREAS, Plaintiff filed a second amended complaint on his own behalf, see ECF No. 135. The motion to dismiss was administratively terminated, ECF No. 137; and

WHEREAS, Defendants' motion to dismiss was reinstated on December 16, 2019, see ECF No. 140; and

WHEREAS, Plaintiff moved to stay this matter pending his release in October 2020, see ECF Nos. 139 & 142; and

---

[1] Plaintiff has since been released to a halfway house.

WHEREAS, the Court granted a brief extension to Plaintiff in order to file his opposition papers and administratively terminated Defendants' motion to dismiss, ECF No. 143. That extension was granted with the understanding that the motion to dismiss, ECF No. 120, would be reinstated on July 24, 2020, the date Plaintiff's opposition was due, id.; and

WHEREAS, Plaintiff filed a change of address notification on July 27, 2020 indicating he has been released to a halfway house in New York, see ECF No. 146; and

WHEREAS, Plaintiff subsequently filed a letter stating that the BOP was retaliating against him because of his attempt to litigate this matter. ECF No. 147. He stated that the BOP would prevent him from being released if he continued litigating this matter. Id. at 3. He therefore stated he wanted to voluntarily dismiss the case "under duress." Id. at 4;

WHEREAS, under Federal Rule of Civil Procedure 41, a plaintiff "may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). Defendants filed their answer on May 25, 2018, ECF No. 73. Therefore, Plaintiff may not withdraw his complaint absent a court order; and

WHEREAS, Defendants have not filed a response to Plaintiff's request to dismiss; and

3

WHEREAS, Plaintiff has been released to a halfway-house facility. He is therefore no longer under the supervision of FCI Gilmer officials whom – he as alleged – interfered with his ability to file opposition to Defendants' motion,

THEREFORE, IT IS on this  13th   day of August, 2020

ORDERED that the request to voluntarily withdraw the complaint, ECF No. 147, is denied; and it is further

ORDERED that the Clerk shall reinstate the motion to dismiss, ECF No. 120, with a return date of September 8, 2020. Plaintiff's opposition is due August 25, 2020 and Defendants' reply papers are due September 1, 2020; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

At Camden, New Jersey
           s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4