UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID A. GAMBINO,

Plaintiff,

v.

AHSA CASSANO, et al.,

Defendants.

Civ. No. 17-0830 (NLH) (AMD)

OPINION

APPEARANCES:

David A. Gambino
19757055
115 Shepard Ave
Kenmore, NY 14217

*Plaintiff Pro Se*

John M. Hockin Jr., Esq.
Ronan, Tuzzio & Giannone
4000 Route 66
One Hovchild Plaza
Tinton Falls, NJ 07753

*Attorneys for Defendant Diane Schifano, RN*

Philip R. Sellinger, United States Attorney
Susan Millensky, Assistant United States Attorney
U.S. Attorney's Office for the District of NJ
970 Broad Street
Suite 700
Newark, NJ 07102

*Attorneys for Defendant AHSA Cassano, Bureau of Prisons Central Office, Counselor Centeno, Counselor Jose, Ibe, IDC RN Copeland, Medical Officer K. Engert, Northeast Office Bureau of Prisons, Officer Hamel, RN Fletcher, RN Maruska, RN Wawrzyniak, RN West, Unit Manager O'Cone, Warden Ortiz*

HILLMAN, District Judge

Defendant Diane Schifano moves for summary judgment on Plaintiff David Gambino's second amended complaint. ECF No. 183. Plaintiff has not filed any opposition.

For the reasons stated below, the Court will grant Defendant Schifano's motion and enter judgment in her favor. The Court will also dismiss her crossclaims against the remaining Defendants.

I. BACKGROUND

On February 8, 2017, Plaintiff filed a pro se complaint alleging inadequate medical care for acute infections, among other claims, by various prison officials at FCI Fort Dix, New Jersey. The Court granted his in forma pauperis application and permitted the complaint to proceed in part on March 20, 2017. ECF No. 3. Specifically, it permitted Plaintiff's Bivens[1] claims against Defendants AHSA Cassano, Dr. Ibe, RN West, K. Engert, and IDC RN Copeland ("the Federal Defendants") to proceed while dismissing Plaintiff's claims against John Doe employees of Robert Wood Johnson University Hospital ("RWJ"). Id. at 4.

Defendants filed a motion for summary judgment on July 7, 2017 seeking dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies. ECF No. 12. Shortly

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

thereafter, Plaintiff filed a motion to amend the complaint and a "supplemental" complaint which consisted of 45 defendants, was 95 pages long, and asserted new claims under Bivens and added claims under the Federal Tort Claims Act ("FTCA") and the Americans with Disabilities Act ("ADA").  ECF No. 14.  The Court granted the motion on February 1, 2018 as Defendants conceded Plaintiff was permitted to amend his complaint under Federal Rule of Civil Procedure 15.  ECF No. 36.  The Court indicated it would treat the "supplemental" complaint as the operative pleading.  Id. ¶ 2.  Defendant Schifano was served on March 20, 2018, ECF No. 65, and filed an answer with crossclaims on May 25, 2018, ECF No. 73.

 The Federal Defendants moved to dismiss the amended complaint on May 14, 2018.  ECF No. 69.  On July 19, 2018, Plaintiff moved to amend his complaint in order to correct an error on the first page of his complaint and requested the appointment of pro bono counsel.  ECF No. 88.  Magistrate Judge Donio granted both requests; however, the appointment of counsel was limited to addressing the Federal Defendants' motion to dismiss.  ECF No. 99.  All pending motions were "denied without prejudice to the parties' right to refile their motions after counsel for Plaintiff has entered an appearance."  ECF No. 100.  Counsel entered an appearance on October 9, 2018, ECF No. 104, and the parties agreed to hold all deadlines "in abeyance for a

period of thirty (30) days to give pro bono counsel time to meet and confer with" Plaintiff, ECF No. 105 at 2. Magistrate Judge Donio conducted a case management conference via telephone on November 8, 2018. ECF No. 108. Subsequent telephone conferences took place on November 29, 2018 and February 11, 2019. ECF Nos. 109, 113. On February 15, 2019, Defendant Schifano filed a letter asking permission to file a motion to dismiss with prejudice for Plaintiff's failure to timely serve an Affidavit of Merit. ECF No. 117.

The Federal Defendants refiled their motion to dismiss on March 29, 2019. ECF No. 120. Pro bono counsel filed opposition to the motion to dismiss and requested permission to file a second amended complaint if the Court were inclined to grant the motion to dismiss. ECF No. 124. Finding that a streamlined complaint would be in the interests of justice, the Court dismissed the Federal Defendants' motion without prejudice and granted Plaintiff leave to file a second amended complaint. ECF No. 131. Pro bono counsel then requested to be relieved as counsel as the appointment had been limited to opposing the motion to dismiss. ECF No. 132. In response, on October 28, 2019, Plaintiff filed a letter requesting, among other things, that his case move forward without appointed pro bono counsel, and that he be provided with 60 days to file a second amended complaint. ECF No. 133. Plaintiff filed his second amended

complaint on November 21, 2019.  ECF No. 135.  He later filed a supplement alleging that the Federal Defendants were interfering with his ability to exhaust his FTCA remedies.  ECF No. 138.

On November 27, 2019, the Federal Defendants filed a letter noting that Plaintiff's second amended complaint is identical to the first four claims included in the nine-count complaint that was filed in 2017.  ECF No. 136.  They asked the Court to reopen their prior moving brief, Docket No. 120, so that they could renew that motion to dismiss as to Counts One through Four of the pleading.  The Federal Defendants stated that they made this request because a newly filed motion would be identical to the one previously filed, save for deletion of the parts that solely address claims Five through Nine, and if Plaintiff had intended to refile his prior amended complaint in full, the Government's motion would be wholly identical to its prior one.  The Court granted pro bono counsel's withdrawal request and directed the Federal Defendants to decide how to proceed on their motion within 30 days.  ECF No. 137.  The Federal Defendants renewed their motion on December 16, 2019.  ECF No. 140.

On March 30, 2021, the Court granted the motion to dismiss in part.  ECF No. 159.  It dismissed Counts One and Two in their entirety and Plaintiff's ADA claim in Count Three.  Id. Defendant Copeland was dismissed based on immunity.  Id.  Count Three was permitted to proceed against Defendants Ortiz,

Cassano, and the Central Office of the Federal Bureau of Prisons. Id. The United States was substituted for the BOP on Plaintiff's FTCA claim. Id.

After a period of discovery, Defendant Schifano filed the instant motion for summary judgment. ECF No. 183. She asserts the sole claim against her, a medical malpractice claim,[2] should be dismissed as Plaintiff cannot meet his burden of proof at trial. Id. Plaintiff has not submitted any opposition to the motion.

## II. STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party

[2] The Court has supplemental jurisdiction over this related state law claim. 28 U.S.C. § 1367(a).

and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Carrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 251).

"An unopposed summary-judgment motion is not tantamount to a default judgment, because the court still must find for itself that there is no genuine dispute of material fact and that the movant deserves judgment as a matter of law." United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021) (citing Fed. R. Civ. P. 56(a); Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)). "The moving party is entitled to judgment as a matter of law when the non-moving party fails to make 'a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.'" Groff v. DeJoy, 35 F.4th 162, 168 n.10 (3d Cir. 2022) (quoting Celotex Corp., 477 U.S. at 323).

III. DISCUSSION

The Court considers Defendant Schifano's statement of facts, ECF No. 183-9 at 7-11, to be undisputed for summary judgment purposes.  Fed. R. Civ. P. 56(e)(2).

Defendant Schifano is a nurse employed by RWJ in Hamilton, New Jersey.  ECF No. 135 at 6.  In his second amended complaint, Plaintiff alleges he was taken to RWJ on January 22, 2017.  Id. at 21-22.

> Upon arrival at RWJ Hamilton Hospital, the Plaintiff was known to be in an emergency need for immediate medical intervention for sepsis meeting the SIR 3 Sepsis evaluation — while in need of immediate surgical relief of an infection that was so bad it had swollen the Plaintiff's anus closed days prior.  Plaintiff also met the sepsis criteria by having hypertension, accompanied by a laboratory lactate result coming in at 4.4 mm/L.

Id. at 22.  He makes a general allegation that Defendants "purposefully made false medical records to continue abuse," id., but the second amended complaint does not contain any further specific allegations against Defendant Schifano. Plaintiff claimed in his answers to Defendant United States' interrogatories:

> Plaintiff was released from the hospital with a 1 inch open and weeping wound on his anus with instructions for post recovery to be in a clean environment.  Plaintiff was transported by van and forced to sit directly on the wound causing extreme pain and opening the wound.  Upon entrance to the facility the pain management proscribed by the hospital was cancelled.  Medical staff at the hospital where surgery took place, aided and assisted in the abuse by altering and lowering the standard of care

> that they already stated needed to meet to avoid complications and risk of death.
>
> Dr [Vulardo] and RN Schifano altered the records to appease the BOP, and in doing so created a post-surgical condition that did not protect the plaintiff from re-infection and allowed the BOP defendants to provide less than needed care at great risk to complications and reinfection. The result was an abusive transport that opened and injured the wound at great and unnecessary pain and suffering, and reinfection that put plaintiff's life at risk, and forced the plaintiff to undergo another heavy dose of antibiotics harmful to his liver. Plaintiff now suffers from a low liver count and common antibiotics rarely work forcing the plaintiff into higher dosages of antibiotic due to his unwanted high tolerance to antibiotics.
>
> Persons originally responsible for injury, injury, and violation of rights that occurred: AHSA Cassano, Dr Iba, Nurse, Officer Copeland, Muruska, Dr Patel, Nurse West, Warden Ortiz,. Dr [Vulardo] and RN Schifano, Medical officer K Engert, and Central Office ignored the true condition of the infection, under reported the infection as it was presented, purposely under medicated infection and allowed the plaintiff to linger in severe pain that lead to a severe life-threatening infection that resulted in surgery, scaring, neurological damages, emotional damages.

ECF No. 171 at 9-10. When asked to "spell out the factual allegations . . . against Nurse Schifano in this matter" during his deposition, Plaintiff responded:

> The factual allegations are that she changed and altered her medical diagnosis and recommendation for treatment based upon the needs of the Bureau of Prisons, you know, desire to not spend the money needed to provide that care and instead of just doing her job and saying this is the care he needs, when the Bureau of Prisons said, you know, well, we're not gonna do that, she changed her diagnosis to fit their needs which were fiscal rather than medical, so she made a — she supported a fiscal, a fiscal, a fiscal demand from the Bureau of Prisons to save money at my expense.

ECF No. 183-6 at 111.

The Court notes that Plaintiff's claim against Defendant Schifano is subject to dismissal for failure to state a claim. Plaintiff is proceeding in forma pauperis, ECF No. 3, and the in forma pauperis statute requires the Court to "dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To withstand dismissal for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). ''A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'' Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" is not enough. Iqbal, 556 U.S. at 678.

The second amended complaint makes no specific factual allegations against Defendant Schifano and does not refer to her at all outside of the naming of the parties. See generally ECF No. 135. The limited facts regarding Defendant Schifano's alleged tampering do not appear until Plaintiff's interrogatory

answers and deposition testimony, and a liberal reading of the second amended complaint cannot be said to include them. As such, the medical malpractice claim against Defendant Schifano is subject to dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).

Even if the second amended complaint did state a medical malpractice claim, Defendant Schifano is entitled to judgment as a matter of law. "Where the movant is the defendant, or the party without the burden on the underlying claim, the movant has no obligation to produce evidence negating its opponent's case. The moving party merely has to point to the lack of any evidence supporting the non-movant's claim." Nat'l State Bank v. Fed. Rsrv. Bank of New York, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). "To prove medical malpractice, ordinarily, 'a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury.'" Nicholas v. Mynster, 64 A.3d 536, 545 (N.J. 2013) (quoting Gardner v. Pawliw, 696 A.2d 599, 608 (N.J. 1997)). Here, Defendant Schifano asserts that "[w]hile plaintiff has set forth allegations, there is a lack of proofs to establish the claims against Nurse Schifano. Plaintiff failed to produce factual

evidence or expert testimony in support of the claims." ECF No. 183-9 at 13.

There is no evidence before the Court that Defendant Schifano changed Plaintiff's medical records or any orders at the request of the BOP. Plaintiff could not point to any specific document supporting his allegations when questioned during his deposition:

> Question: And how did you know that [Defendant Schifano] was providing recommendations for the postsurgical wound care?
>
> Answer: When I had the record of the care that was given I read through the record, saw that she made recommendations and then saw that she changed the recommendations to suit the BOP rather than to provide the proper medical care for me and aftercare, so basically in her own notes she alters and changes her medical diagnosis but there is no change in my condition. So basically my condition was this, these were the notes, what I should do, she talks to the BOP, all of a sudden the notes deteriorate in what I'm supposed to get and they give me less of a postsurgical care but yet there was no change in my condition.
>
> Question: So are you aware that Nurse Schifano spoke to anybody at the BOP?
>
> Answer: I believe she did. I believe they were all in correspondence with each other because they were trying to make sure that I was — originally they were trying to make sure I was gonna get the proper care when I leave but then all of a sudden it became less of the care and something that they couldn't do anything about. However, they could, by sticking to their guns, which they did not and instead they altered the medical records to provide less care.

. . . .

Question: And are you aware of the original order that you're alluding to that she had changed?

Answer: I can't recall it as we speak here today but it has been represented in the actual filing.

ECF No. 183-6 at 109-11. He has not specified what the original order was or how Defendant Schifano changed that order. He also has no evidence that Defendant Schifano communicated with the BOP regarding his care, stating only that he "believed" she did, and could not recall any specific conversation with Defendant Schifano. Id. at 110-11. Moreover, Plaintiff acknowledged during his deposition that Defendant Vulardo, who has never been served with the amended complaint, ultimately approved Plaintiff's course of post-surgical treatment. Id. at 110. No reasonable juror presented with this record could return a verdict in Plaintiff's favor. Accordingly, the Court will grant summary judgment in favor of Defendant Schifano. The Court will dismiss Defendant Schifano's crossclaims with prejudice as she may not seek contribution from other defendants when judgment has been entered in her favor. See Nora v. Livingston Tp., 410 A.2d 278, 582-83 (N.J. Super. Ct. App. Div. 1980).

IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendant Schifano's motion for summary judgment. Her cross complaint will be dismissed with prejudice.

An appropriate Order follows.

Dated: September 19, 2022
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.